UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

LEON R. NOLAND, JR.,  )
                       )
   Plaintiff,          )   Civil Action No. 11-312-JBC
                       )
V.                     )
                       )
COL. WILLIAM McCOY, II, et. al.,  )   **MEMORANDUM OPINION**
                       )   **AND ORDER**
   Defendants.         )

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Leon R. Noland, Jr., proceeding without counsel, filed this action in Fayette Circuit Court against Col. William McCoy, II; Jailer Ron Bishop; U.S. Marshals Service; and the U.S. Government/Attorney General. Noland alleges that McCoy sexually harassed him and made an inappropriate sexual gesture toward him while he was detained at the Fayette County Detention Center ("FCDC"). Noland further alleges that McCoy was responsible for the loss of several items of personal property during his transfer to another facility. The federal defendants – United States Marshals Service ("USMS") and the United States of America – removed the action to this court pursuant to 28 U.S.C. § 1442(a)(1).

The federal defendants then moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), for lack of subject matter jurisdiction. [R. 3] Prior to removal from state court, one defendant, William McCoy, also moved to dismiss all claims raised in the Complaint and Amended Complaint.[1] [R. 2-1] Noland has moved for a remand of this action to state court. [R. 7] For the reasons discussed below, the court will grant the motions to dismiss and will deny the motion to remand.

---

[1] The state court issued summons to defendant William McCoy, but not to Ron Bishop, Jailer; Bishop is not before the court.

**BACKGROUND**

In December 2009, federal prosecutors charged Noland with bank robbery, brandishing a firearm, and being a felon in possession of a firearm, violations of 18 U.S.C. §§ 922, 924. and 2113. Pending trial, federal marshals housed Noland at FCDC pursuant to an intergovernmental agreement with the Lexington-Fayette Urban County Government. Under this agreement, the urban-county government agreed to "accept and provide for the secure custody, safekeeping, housing, subsistence and care of federal detainees in accordance with all state and local laws, standards, regulations, polices and court orders applicable to the operation of the facilities." [R. 3-2, p. 3] Noland was incarcerated at FCDC from November 12, 2009, to May 11, 2010, and from July 9, 2010, to March 23, 2011. After March 23, 2011, he was housed at the Grayson County Detention Center ("GCDC") until the pending federal charges were resolved.[2]

Noland alleges that while he was housed at FCDC, McCoy sexually harassed him by verbally requesting sexual favors. Noland states that as a result of McCoy's conduct, he was transferred to GCDC and lost personal property worth $200.00 that was not transferred with him. Noland also appears to claim that while housed at FCDC he was denied access to his attorney and to mailing materials.

A.   **Noland's claims against the Federal Defendants**

In the complaint Noland filed in state court, he alleged that the conduct of the United States and the USMS constituted a tort under Kentucky law. However, as a sovereign, the

---

[2] On February 10, 2012, Noland pled guilty to armed bank robbery and to using and brandishing a firearm during a crime of violence; he received a total prison sentence of 147 months. *United States v. Noland*, 5:09-cr-176-JBC (E.D. Ky. 2009). He is presently confined in the United States Penitentiary-Hazelton in Bruceton Mills, West Virginia.

federal government and its agencies are immune from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The federal government has granted a limited waiver of that immunity, but only to the extent stated in the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 ("FTCA"). Under the FTCA, tort claims asserted against the United States may be brought only in federal courts. 28 U.S.C. § 1346(b)(1); *Finley v. United States*, 490 U.S. 545, 547 (1989). State courts lack jurisdiction to entertain any such claims. *Cobble v. Geithner*, 2011 WL 1625093, at *1 (W.D. Ky. 2011); *Glass v. Nat'l R.R. Passenger Corp.*, 570 F. Supp. 2d 1180, 1181-82 (C.D. Cal. 1180). Therefore, the Fayette Circuit Court lacked subject matter jurisdiction over Noland's tort claims against the federal defendants.

Further, this court acquired no greater jurisdiction upon removal than the Fayette Circuit Court originally possessed. The doctrine of "derivative jurisdiction" establishes that a federal court's jurisdiction over a removed case mirrors the jurisdiction that the state court had over the matter prior to removal. *See Minnesota v. United States*, 305 U.S. 382, 389 (1939). "Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Id.* Nor does the federal government's removal of a case from state court constitute either consent to be sued or a waiver of any objection to the jurisdiction of the removal court. *Stapelton v. Two Million Four Hundred Thirty-Eight Thousand, One Hundred and Ten Dollars*, 454 F.2d 1210, 1217-18 (3d Cir. 1972). Therefore, when an action removed from state court is one which must have been filed exclusively in the federal courts, the case must be dismissed, as the state court where the action was originally filed lacked any jurisdiction to hear it. *Palmer v. City National Bank*

3

*of West Virginia*, 498 F.3d 236, 244 (4th Cir. 2007); *Nordlicht v. New York Tel. Co.*, 799 F.2d 859, 863 (2nd Cir. 1986).

Noland also failed to exhaust his administrative remedies before filing suit, as required by the FTCA. 28 U.S.C. § 2675(a). Such exhaustion is an unwaivable condition precedent to a court's assertion of jurisdiction over any FTCA claim. *Sanders v. United States*, 760 F.2d 869, 872 (8th Cir. 1985); *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982); *Wilson v. Big Sandy Healthcare, Inc.*, 553 F.Supp.2d 825 (E.D.Ky. 2008), *aff'd*, 576 F.3d 329 (6th Cir. 2009). Unless the FTCA claimant filed an administrative tort claim with the appropriate federal agency and was denied settlement of it before filing suit, the FTCA mandates dismissal of that claim. *Id*. Noland has filed no such request for administrative settlement of his claims. [R. 3-3, Exh. B *Declaration of Gerald M. Auerbach*] This court therefore lacks subject matter jurisdiction over Noland's claims against the federal defendants, so they must be dismissed. *McNeil v. United States*, 508 U.S. 106, 111-13 (1993); *Rogers*, 675 F.2d at 124.

FCDC employees McCoy and Bishop served as independent contractors for the United States pursuant to the agreement with the urban-county government. The United States has not waived its sovereign immunity under the FTCA for the acts of independent contractors. *See* 28 U.S.C. § 2671 (expressly excluding contractors from definition of federal agency). Consequently, the United States cannot be held liable for the allegedly tortious actions of employees of a local jail, when the jails are independent contractors. *See, e.g., Logue v. United States*, 412 U.S. 521 (1973); *United States v. Orleans*, 425 U.S. 807, 813-14 (1976). Because the United States has maintained sovereign immunity for any allegedly tortious actions committed by FCDC employees, the Court lacks jurisdiction

4

over such claims. The United States has also maintained sovereign immunity for claims related to detention of property by law enforcement officers. *See* 28 U.S.C. § 2680(c). To the extent that Noland asserts that the loss of his personal property was caused by an employee of the USMS, the United States has sovereign immunity with respect to any such claim. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008).

Further, to the extent that Noland's claims might be characterized as constitutional tort claims under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), they still fail: *Bivens* actions may be maintained only against individual federal employees; they may not be maintained against the United States or its agencies. *Meyer*, 510 U.S. at 484-86; *Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992).

Finally, Noland's claim for "mental pain and suffering" is barred by 42 U.S.C. § 1997e(e), which prohibits an inmate from asserting a claim "for mental or emotional injury suffered while in custody without a prior showing of physical injury." The complaint alleges that Defendant McCoy made a sexual gesture and threats toward Noland but does not allege that he suffered any physical injury as a result. Noland's emotional injury claim is therefore barred by federal statute. *Jackson v. Grant County Detention Center*, 2010 WL 32162611, at *3 (E.D. Ky. May 26, 2010). Kentucky has enacted a functionally identical provision. K.R.S. 454.405(5) states that "[n]o inmate may maintain a civil action for monetary damages in any state court for mental or emotional injury without a prior showing of physical injury." Because Noland's emotional injury claim is barred by Kentucky statute, it would fail as a matter of law if asserted under the FTCA. 28 U.S.C. § 2674; *Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1994).

5

**B.     Noland's claims against McCoy**

Noland's claim against McCoy for alleged sexual harassment is likewise prohibited by K.R.S. 454.405(5) because Noland suffered no resulting physical injury. Taking as true Noland's allegations that McCoy made a sexual gesture toward him and threatened him, there is no allegation that any physical contact, much less physical injury, occurred. Absent physical injury, Noland claim fails as a matter of Kentucky law. Further, complaints of sexual harassment that do not include contact or touching fail to meet the objective requirement to constitute unnecessary and wanton infliction of pain. *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005); *Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002); *Zander v. McGinnis*, 1998 WL 384625 *at \*2* (6th Cir. 1998); *White v. Brown*, 2007 WL 5253981 at \*2 (W.D. Mich. 2007); *Jackson v. Grant County Detention Center*, 2010 WL 2162611 (E.D. Ky. 2010). Noland's sexual harassment claim against McCoy must therefore be dismissed.

Likewise, Noland's claim for $200.00 in compensatory damages for loss of his personal property that was not transferred with him to GCDC must also be dismissed because that claim fails to meet the requisite amount required to establish jurisdiction in a Kentucky circuit court ($5,000.00). *See* K.R.S. 24A.120 and K.R.S. 23.010. To the extent Noland claims that he was denied access to his attorney and to mailing materials while at FCDC, this claim must also be dismissed because Noland failed to file a grievance and exhaust his administrative remedies prior to filing this claim. K.R.S. 454.415(1)(d) and (4) provide that no inmate shall bring a civil action relating to his conditions of confinement without first exhausting administrative remedies, and that failure to do so will result in

6

dismissal of the action. *Houston v. Fletcher*, 193 S.W.3d 276 (Ky.App. 2006). A grievance process was available to Noland while housed at the FCDC; he simply failed to utilize it.

Accordingly, **IT IS ORDERED** as follows:

1. The motion to dismiss filed by the United States Marshals Service ("USMS") and the United States of America [R. 3] is **GRANTED**.

2. Defendant McCoy's motion to dismiss [R. 2-1] is **GRANTED**, as follows:

   a. Noland's claims of sexual harassment and for the loss of his personal property are **DISMISSED WITH PREJUDICE**;

   b. Noland's claim that he was denied access to his attorney and to mailing materials while at FCDC is **DISMISSED WITHOUT PREJUDICE**.

3. Noland's motion for "Order that federal and state shared jurisdiction or to remand complaint back to Fayette 'state' court" [R. 7] is **DENIED**.

4. The Court will enter an appropriate judgment.

5. This matter is **STRICKEN** from the active docket.

Signed on  July 23, 2012



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY